United States Bankruptcy Court
For the Middle District of Pennsylvania

In Re. Albert Caldwell            :
                                               :

Albert J. Caldwell             :
142 Buck Head Park Cl.        :
Greentown, PA 18426       :
                 Plaintiff     :
v.                                        :      Chapter 13 Case No. 13-05855
LexisNexis Risk Solutions FL Inc.    :
6601 Park of Commerce Boulevard     :
Boca Raton, Florida 33487        :
and                                     :
X,Y,Z Corporations           :
                Defendant(s)   :

# **ADVERSARIAL COMPLAINT**

1. This is a lawsuit for alleged violations of the Fair Credit Reporting Act (FCRA), and the Fair and Accurate Credit Transaction Act (FACTA), 15 U.S.C. 1681, et seq.

2. Venue is proper in this District because Defendant(s) regularly do(es) business in this jurisdiction and avails itself of the benefits of the market in this jurisdiction.

3. Plaintiff resides in this jurisdiction.

4. A substantial portion of the transaction(s), occurrence(s) act(s) and / or omission(s) complained of in this action took place in or near this jurisdiction.

5. Key witnesses are located at or near this jurisdiction.

6. Jurisdiction for this action is asserted pursuant to 28 U.S.C. §1334-1337.

7. Venue lies in this District pursuant to 28 U.S.C. §1392(b).

8. This matter is a non-core proceeding as that term is defined in 28 US.C. §157(b)(2).

9. Declaratory relief is available pursuant to 28 U.S.C 2201 and 2202.

## PARTIES

10. The previous paragraphs of this complaint are incorporated by reference and made a part
    of this complaint.

11. Plaintiff is Albert Caldwell, an adult individual with a mailing address of 142 Buck Head
    Park Cl., Greentown, PA 18426.

12. Defendant(s) is/are the following individuals and business entities.

    a.  LexisNexis Risk Solutions FL Inc., a Minnesota corporation having its
        principal place of business at 6601 Park of Commerce Boulevard, Boca
        Raton, Florida 33487. Throughout this Complaint, Defendant may be referred
        to as LexisNexis.

    **b.**  X,Y,Z Corporations, business identities whose identities are not know to
        Plaintiff at this time, but which will become known upon proper discovery. It
        is believed and averred that such entities played a substantial role in the
        commission of the acts described in this complaint.

**COUNT ONE: Violation of the Fair Credit Reporting Act and the Fair and Accurate Credit Transactions Act, 15 USC 1681 et. seq.**
**Failure to Include Required Notices with Plaintiff's Consumer Report**

13. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

14. At all times mentioned in this Complaint Defendant LexisNexis Risk Solutions FL Inc., acted jointly, collectively and in concert under the brand name LexisNexis to commit the acts and omissions described in this Complaint.

15. For purposes of this action the term "Lexis" or "LexisNexis" shall refer to one of the Defendant acting individually, or more than one Defendant acting collectively.

16. For purposes of this action, if any one or more of the named Defendants is found not to be acting jointly and in concert with the other Defendants, it is believed and averred that the remaining Defendants were still acting jointly and in concert with the other Defendants to cause the acts or omissions described in this Complaint.

17. For purposes of this action, if any one or more of the named Defendants is found not to be jointly and severally liable for the acts or omissions of the other Defendants, it is believed and averred that the remaining Defendants are still jointly and severally liable for the acts or omissions described in this Complaint.

18. At all times mentioned in this Complaint Defendant LexisNexis Risk Solutions FL Inc., and other Defendants operated under the brand LexisNexis as a "consumer reporting agency" as defined by the Fair Credit Reporting Act, 15 USC 1681 et. seq.

19. For purposes of this action if any one or more of the Defendants is found not to have operated collectively as a single business unit under the brand LexisNexis as a "consumer reporting agency," it is believed and averred that the other Defendants did operate collectively as a single business unit under the brand LexisNexis as a "consumer reporting agency" defined by FCRA, 15 USC 1681 et. seq.

20. For purposes of this action the term "LexisNexis" shall refer to one of the Defendants acting individually, or two or more of the Defendants acting collectively.

21. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

22. At all times mentioned in this Complaint Defendant(s) were "consumer reporting agencies" as defined by the 15 USC 1681, the Fair Credit Reporting Act. They were regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties.

23. For purposes of this action, if any one or more of the named Defendants is found by the Court not to be a consumer reporting agency as defined by the Fair Credit Reporting Act, 15 USC 1681 et. seq. , it is believed and averred that the remaining Defendants is / are still a consumer reporting agency as defined by FCRA.

24. At all times mentioned in this Complaint, Defendants acted collectively to sell nationally, among other things, Accurint branded reports to debt collectors, credit insurers and entities involved in the debt collection industry generally, to assist with the collection of delinquent credit accounts, and the location of debtors and debtors' assets. Defendants also sell reports to employers for pre-employment and residential screening.

25. An Accurint report contains vast amounts of information about an individual consumer that Defendants have assembled and compiled, including information about where the consumer resides, the consumer's age, social security number, date of birth, employer and employment history, economic profile data regarding the consumer's home and neighboring properties, whether the consumer has filed for bankruptcy, has any liens or judgments, public records, UCC filings, professional licenses, accident history, recreational permits, and general information about the consumer's assets and property.

26. As represented by Defendants, Accurint reports are an extremely useful tool for debt collectors in terms of increasing collection recovery rates and the Defendants aggressively market them to debt collectors.

27. Some of the data contained in the Accurint reports is regularly used by debt collectors to collect consumer debts from consumers throughout the Country.

28. Some of the data that Defendants sell through Accurint reports derives from data that Defendants have purchased from other consumer reporting agencies and which it resells through an Accurint report.

29. At all times mentioned in this Complaint, by regularly selling such reports for a fee with the anticipated or expected use of such reports by the entities referenced above, Defendants operated as "consumer reporting agencies" ("CRAs"), consumer reporting agencies "that compile[ s] and maintain [ s] files on consumers on a nationwide basis," as defined by 15 USC 1681a et. seq, 15USC 1681 b et. seq.

30. Among other things, the FCRA regulates the collection, maintenance, and disclosure of consumer report information by CRAs.

31. Despite the fact that Defendant(s) LexixNexis assembles and compiles consumer information for sale in the form of Accurint reports to debt collectors, employers, and credit insurers on a nationwide basis, LexisNexis does not provide consumers with summaries of their rights under the FCRA as required by 15 USC 1681 g (c)(2).

32. Instead of providing consumers with the required summary of rights under 15 USC 1681 g (c)(2), LexisNexis willfully violates the FCRA by misrepresenting to consumers that is not a consumer reporting agency as defined by FCRA, 15 USC 1681 et. seq.

33. LexisNexis's practices not only violate the FCRA as a matter of law, it exacts serious consequences on consumers and interstate commerce.

34. Within the applicable statute of limitations prior to the commencement of this action, Plaintiff contacted Defendant(s) in writing and requested a copy of the information contained in Plaintiff's consumer report which was maintained by Defendant(s).

35. 15 USC 1681 g (c)(2) imposes the following requirements on a consumer reporting

agency to include certain notices and disclosures on the individual's or consumer's report

when such report is provided by the consumer reporting agency to the consumer.

> **(2) Summary of rights required to be included with agency disclosures**
> A consumer reporting agency shall provide to a consumer, with each written disclosure by the agency to the consumer under this section—
> **(A)** the summary of rights prepared by the Commission under paragraph (1);
> **(B)** in the case of a consumer reporting agency described in section 1681a(p) of this title, a toll-free telephone number established by the agency, at which personnel are accessible to consumers during normal business hours;
> **(C)** a list of all Federal agencies responsible for enforcing any provision of this subchapter, and the address and any appropriate phone number of each such agency, in a form that will assist the consumer in selecting the appropriate agency;
> **(D)** a statement that the consumer may have additional rights under State law, and that the consumer may wish to contact a State or local consumer protection agency or a State attorney general (or the equivalent thereof) to learn of those rights; and
> **(E)** a statement that a consumer reporting agency is not required to remove accurate derogatory information from the file of a consumer, unless the information is outdated under section 1681c of this title or cannot be verified.

36.     Plaintiff requested Plaintiff's consumer report in writing from Defendant(s).


37. Defendant(s) sent Plaintiff a purported copy of Plaintiff's consumer report.

38. Defendant(s) did not include the above described required notice or disclosure with

Plaintiff's consumer report when Defendant(s) sent Plaintiff the consumer report.


39. Defendant(s) breached its / their duty under 15 USC 1681 g (c)(2)  to provide such notice

or disclosure to Plaintiff.

40. Instead of mailing Plaintiff a proper summary of rights required by 15 USC 1681 g (c)(2), Defendant(s) mailed Plaintiff a cover letter along with the purported copy of Plaintiff's consumer report. The cover letter stated among other things that Defendant(s) LexisNexis was not a consumer reporting agency.

41. Defendant(s) statement that LexisNexis was not a consumer reporting agency was false and misleading and directly antithetical to the duties imposed on Defendant(s) under 15 USC 1681 g (c)(2).

**COUNT TWO: Violation of the Fair Credit Reporting Act and the Fair and Accurate Credit Transactions Act, 15 USC 1681 et. seq.**
**Failure to Redact Pertinent Portions of Plaintiff's Social Security Number**

42. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

43. At all times mentioned herein Plaintiff was a consumer as defined by 15 USC 1681.

44. At all times mentioned herein Plaintiff was a person as defined by 15 USC 1681a (c).

45. At all times mentioned herein Plaintiff was an individual as defined by 15 USC 1681a (c).

46. At all times mentioned in this Complaint, Defendant(s) maintained a "consumer report" on Plaintiff as defined by 15 USC 1681(a)(d), as follows:

47. At all times mentioned in this Complaint, Defendant(s) was a "consumer Reporting Agency" as defined by 15 USC 1681a(f).

48. Within the applicable statute of limitations prior to the commencement of this action, Plaintiff contacted Defendant(s) in writing and requested a copy of the information contained in Plaintiff's consumer report in which was maintained by Defendant(s).

49. Plaintiff requested that Defendant(s) redact the first five digits of Plaintiff's consumer report.

50. Pursuant to 15 USC 1681g (a)(1)(A), Defendant(s) was / were required to redact the first five digits of Plaintiff' Social Security Number because Plaintiff specifically requested Defendant(s) to do so at the time that Plaintiff requested the consumer report from Defendant(s).

51. Defendant(s) was/were required to redact Plaintiff's consumer report even though the consumer report was given directly to the consumer, and not intended to be accessed by any third party.

52. Said redaction requirement was part of the Fair and Accurate Credit Transaction Act (FACTA) of 2003.

53. The legislative purpose of such redaction requirement was to protect the consumer's privacy and Social Security Number from third parties and / or dumpster divers who might view the consumer's Social Security Number information on the consumer report.

54. Such legislative purpose is also exemplified in 15 USC 1681c (g), which was also part of the FACTA of 2003.  15 USC 1681c (g) requires merchants to redact all but the last 5 digits of a consumers' bank or credit card number on a receipt at the point of sale.  Even the expiration date must be redacted.  This is true even when such receipt is given directly to the consumer, and not intended to be accessed by any third party.

55. The purpose of 15 USC 1681c (g) was to protect consumers from unintended persons who may view or "dumpster dive" for the consumers' credit card or bank transaction receipts.

56. 15 USC 1681c (g) and 15 USC 1681g (a)(1)(A) have similar purposes in their redaction requirements to protect consumers' personal information from third parties who may view or obtain such consumers' personal account or Social Security information.

57. Pursuant to Plaintiff's aforementioned written request to obtain Plaintiff's consumer report, and for Defendant(s) to redact the first 5 digits of Plaintiff's  Social Security number on Plaintiff's consumer report, Defendant(s) sent Plaintiff a copy of Plaintiff's consumer report.  However, the report sent by Defendant(s) to Plaintiff contained the first 5 digits of Plaintiff's Social Security number, not redacted.

58. The consumer report that was sent by Defendant(s) to Plaintiff contained the first five digits of Plaintiff's Social Security Number, not redacted.

59. Defendant(s) breached its / their duty to Plaintiff under 15 USC 1681g (a)(1)(A) by failing to redact the first five digits of Plaintiff's Social Security Number on Plaintiff's consumer report after having been specifically requested in writing by Plaintiff to do so.

## LIABILITY AND DAMAGES

60. The previous paragraphs of this Complaint are incorporated by reference.

61. At all times mentioned in this Complaint, Defendant(s) acted jointly and collectively.

62. At all times mentioned in this Complaint, Defendant(s) operated under the brand name "LexisNexis."

63. Defendant(s) is/are liable for the acts committed by its agents under the doctrine of respondeat superior because Defendant(s') agents were acting within the scope of their employment with Defendant(s).

64. In the alternative, Defendant(s) is/are liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant(s) and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

65. Any mistake made by Defendant(s) would have included a mistake of law.

66. Any mistake made by Defendant(s) would not have been a reasonable or bona fide mistake.

67. Defendant LexisNexis Risk & Information Analytics Group, Inc., has been sued regarding its sale of Accurint reports and failure to follow the FCRA's strictures in doing so in the case of *Adams, et al.* v. *LexisNexis Risk & Information Analytics Group, Inc., et al.,* No. I :08-cv-04708-RMB-KMW, United States District Court for the District of New Jersey.

68. In its May 12, 2010 opinion denying in part LexisNexis's Rule 12(c) Motion for
Judgment on the Pleadings, the *Adams* court rejected LexisNexis's arguments the
LexisNexis was not a consumer reporting agency. The Adams Court held that
LexisNexis was a consumer reporting agency, and that Accurint reports were consumer
reports as defined by FCRA, 15 USC 1681 et. seq.

69. Likewise, the *Adams* court rejected LexisNexis's argument that it could not have willfully
violated the FCRA because it did not view Accurint reports as being governed by the
FCRA. The court concluded that the plaintiff could prove a willful violation (assuming
that the plaintiff also proves that the FCRA applies to LexisNexis) by proving "that Lexis
either knowingly or recklessly adopted policies that contravened the FCRA."

70. The *Adams* case settled in August of 2010, after the court's opinion on the Rule 12( c)
motion issued.

71. Defendant LexisNexis Risk & Information Analytics Group, Inc., has been sued
regarding its sale of Accurint reports and failure to follow the FCRA's strictures in doing
so in the case of *Berry, et al.* v. *LexisNexis Risk & Information Analytics Group, Inc., et
al.,* docket number 11-cv-00754, United States District Court for the Eastern District of
Virginia.

72. The *Berry* case settled preliminarily in March of 2013 for LexisNexis to pay $13.5
Million as a result of the suit.

73. Even after  LexisNexis Risk & Information Analytics Group, Inc. had been sued in the *Berry* case, Defendant(s) still continued the same pattern of FCRA violations that Defendant(s) were sued for in the Berry case, for months after the Berry case was filed and served on Defendant(s).  At least 50 other violations similar to the violations committed by Defendant(s) in this case have been document in Pennsylvania in the last 12 months.

74. Even after LexisNexis Risk & Information Analytics Group, Inc. preliminarily settled the *Berry* case, Defendant(s) still continued the same pattern of FCRA violations that Defendant(s) were sued for in the Berry case, similar to this case, for months after the Berry case was settled for $13.5 Million by Defendant(s).  Over 50 violations similar to the violation is Plaintiff's case have been documented in Pennsylvania after the Berry case.

75. Defendant(s)' failure to modify its practices and/or conform them to the FCRA post *Adams, and post Berry* is the result of a deliberate corporate decision to disregard the duties imposed on Defendant(s) under the Fair Credit Reporting Act, and the Fair and Accurate Credit Transaction Act, 15 USC 1681 et. seq.

76. Defendant(s) failure to modify its practices and/or conform them to the FCRA post *Adams, and post Berry* is the results of a deliberate corporate decision to disregard the findings of Federal Courts.

77. It is believed and averred that Defendant(s) act and omissions were not accidental, nor an oversight. Defendant(s) acts and omissions were willful, as evidenced by the following.

    a.   The previously mentioned Adams case where Defendant(s) LexisNexis was found to be a consumer reporting agency as defined by FCRA and where the Accurint reports were found to be "consumer reports" as defined by FCRA.

    b.   The previously mentioned Berry case where LexisNexis Risk & Information Analytics Group, Inc.'s violation of FCRA were clearly and unequivocally brought to the attention of Defendant(s).

    c.   Defendant(s) continued violations of the FCRA in a similar manner to the violations alleged in the Berry case, well after the Berry case. Over a dozen similarly situated consumers in Pennsylvania have been similarly affected.

    d.   Defendant(s) acts and omissions were caused by Defendant(s)' lack of established business practices and procedures to conform to FCRA and Defendant(s)' blatant disregard for the fact that Defendant(s) was / were a consumer reporting agency, and the fact that the Accurint product was a consumer report as defined by FCRA. Numerous other Similarly situated consumers in Pennsylvania were also deprived of their right to receive the proper notice to the consumer required by FDCR, and numerous other consumers received misleading communications by Defendant(s) that Defendant(s) was / were not a consumer reporting agency.

    e.   Lack of established business practices and procedures to conform to FCRA, to include the proper notices to consumers.

    f.   Lack of established business practices and procedures to conform to FCRA, to redact the Social Security numbers of consumers.

    g.   Numerous other cases where Defendant(s) have continued to print consumers' Social Security numbers on consumer reports despite written requests by such consumers for Defendant(s) to not print such numbers.

78. Plaintiff believes and avers that Plaintiff is entitled to at least $1.00 actual damages for Plaintiff, including but not limited to phone, fax, stationary, postage, etc.

79. Plaintiff believes and avers that Plaintiff is entitled to $1,000.00 statutory damages for Count One pursuant to 15 USC 1681 et. seq. due to the willful nature of the acts or omissions described in this Complaint.

80. Plaintiff believes and avers that Plaintiff is entitled to $1,000.00 statutory damages for Count Two pursuant to 15 USC 1681 et. seq. due to the willful nature of the acts or omissions described in this Complaint.

81. Plaintiff believes and avers that Defendant(s') conduct was willful, wanton, and intentional, and therefore Plaintiff requests punitive damages.

82. Plaintiff requests punitive damages against Defendant(s) in the amount to be determined by this Honorable Court.

83. For purposes of a default judgment, Plaintiff believes and avers that the amount of such punitive damages should be no less than $150,000.00 because Defendant(s') actions were willful.

## ATTORNEY FEES

84.     The previous paragraphs of this Complaint are incorporated by reference.

85.     Plaintiff believes and avers that Plaintiff is entitled to attorney fees pursuant to 15 USC 1681 et. seq. for prosecuting this action.

86.     Plaintiff believes and avers that such attorney fees amount to no less than $1,050.00 at a rate of $350.00 per hour, enumerated below.

|   |   |   |
|---|---|---|
| a. | Consultation with client and review of file, drafting letters | 1 |
| b. | Drafting, editing, review, filing and service of complaint and related documents | 1 |
| c. | Follow up contact with Defense | 1 |

3x $350 = $1,050.00

87. Plaintiff's attorney fees continue to accrue as the case move forward.

88.  The above stated attorney fees are for prosecuting this matter and reasonable follow up.

## OTHER RELIEF

89. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

90. Plaintiff requests / demands a jury trial in this matter.

91. Plaintiff requests injunctive and declarative relief.

92. Plaintiff requests an order from this Honorable Court or other Court of competent jurisdiction directing Defendant(s) to comply with the aforementioned provisions of the FCRA.

93. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of no less than $153,051.00 as enumerated below.

$1.00 more or less actual damages.

$1,000.00 statutory damages pursuant to 15 USC 1681 et. seq. for Count One

$1,000.00 statutory damages pursuant to 15 USC 1681 et. seq. for Count Two

$1,050.00 attorney fees

$150,000.00 punitive damages

_____

    $153,051.00

Plaintiff seeks such additional relief as the Court deems just and proper.

/s/ Vicki Piontek                    1-2-2014
_____    _____
Vicki Piontek, Esquire                Date
Supreme Court ID Number 83559
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
877-737-8617
Fax: 866-408-6735
palaw@justice.com

<center>
**Albert J. Caldwell**
**142 Buck Head Park Circle**
**Greentown, PA 18426**
**(570)** ███
</center>

LexisNexis' Risk Solutions FL Inc.
Accurint Consumer Inquiry Department
P.O. Box 105610
Atlanta, GA 30348-5610

<center>

## REQUEST FOR ACCURINT REPORT
</center>

**RE:** **Albert J. Caldwell** **SSN:** ███████     **DOB: August 19, 1934**

To Whom it May Concern:

      I would like to request a free copy of my Accurint consumer report. I have not received this report from your company in the last 365 days.

      Enclosed please find a copy of my identification, and other documentation of my identity and my address.

      **Please redact the first five digits of my Social Security number on my report. Please do not print the first five digits of my Social Security number on my consumer report.**

      Thank you.

<div align="right" style="margin-right:40%">Sincerely,</div>

<div align="right" style="margin-right:25%">*Albert J. Caldwell*   *1-13-13*</div>

<div style="margin-left:40%">Albert J. Caldwell     Date</div>

<div align="right">Exhibit A</div>



LexisNexis™ Risk Solutions FL Inc.
Accurint Consumer Inquiry Department
P.O. Box 105610
Atlanta, GA 30348-5610

July 29, 2013

464 2 MB 0.405***************AUTO**MIXED AADC 300

‖ıılıɪɪı|ı‖|ı‖|ıɪ•|ıılı|ıɪ•ı|ɪlıɪɪı•|ıfı|ɪɪlılılıɪ|lıılı|ıɪılɪı‖
Albert Caldwell                              tray 005 peice 464
142 Buck Head Park Cir
Greentown PA 18426-5000

Reference #: 46324

Dear Consumer:

We are sending this letter in response to the request you made for your Accurint Person Report. This Person Report is a compilation of public record data and non-public information using innovative technology to link records about an individual together. We have enclosed a copy of your Person Report as it exists today. This report may not contain every piece of personally identifiable information we have in our databases relating to you. Please review each section carefully and contact LexisNexis if you have any questions concerning this information.

Kindly be advised that Accurint is **NOT** a Consumer Reporting Agency, and, as such, Accurint is not governed by the Fair Credit Reporting Act (15 U.S.C. § 1681, et seq.). Accurint data is not permitted to be used to grant or deny credit, make employment decisions, or make tenant and housing screening decisions, or any other uses regulated by the Fair Credit Reporting Act. Accurint purchases and resells data collected by outside companies, which cover public records and commercially available data sources, in full compliance with all applicable federal and state privacy laws. We do not examine or verify our data, nor is it possible for our computers to correct or change data that is incorrect – Accurint can provide only the data that was provided to us.

Although Accurint is not a Consumer Reporting Agency, please be reassured that both Accurint, and your personal information contained in Accurint databases, are regulated by the federal government and are subject to the Gramm-Leach-Bliley Act (15 U.S.C. § 6801, et seq.) and the Federal Drivers Privacy Protection Act (18 U.S.C. § 2721, et seq.). These laws regulate who may access private, non-public data and the purposes for which it may be accessed. Accurint fully complies with these and all other applicable federal and state laws.

If you have any further questions, you may contact us by phone at (866) 491-0873. The Accurint Consumer Inquiry Department's hours of operation are Monday – Friday from 8 AM to 7 PM Eastern Time. To allow us to protect your privacy and deliver prompt service, please have your Reference Number (located below your name and address at the top of this page) accessible when you call our support number.

Thank you for allowing us to assist you.
*Accurint Consumer Inquiry Department*

Exhibit B          CD255-04-10d